Civilian pay; Court of Claims jurisdiction; denial of promotion; retroacti/oe reclassification of position; transfer of case to district court. — On October 21,1976 tbe court entered the following order.
Before SheltoN, Judge, Presiding, Nichols and Kashiwa, Judges.
“Plaintiff in this case is presently employed as a GS-12 Research Chemist by the Department of the Navy in its White Oak Laboratory, Naval Surface Weapons Center.
“On or about June 18,1973, a research evaluation panel was convened at the Naval Ordnance Station to provide an advisory evaluation of plaintiff’s position. The panel recommended upgrading plaintiff’s position to a GS-13. Thereafter, on September 28, 1973, the principal classifier for the Naval Ordnance Station issued a determination as to plaintiff’s position, finding GS-12 to be the proper classification for Ms position.
“In response to complaints from plaintiff, the classification was reviewed by the Wage and Classification Division of the Naval Ordnance Laboratory, which upheld the classifier’s determination. Grievance proceedings followed, and May 23, 1975, the Navy examiner determined finally that plaintiff was properly classified as a GS-12.
“On November 18, 1975, plaintiff filed a petition in the United States Court of Claims seeking a promotion from a GS-12 to a GS-13, retroactive to June 18,1973, on the ground that the Navy violated its own regulations in denying plaintiff a promotion.
“Presently pending before this court are plaintiff’s motions filed June 8 and 9, 1976, respectively, to suspend proceedings in the Court of Claims and to transfer this ac *353 tion to the United States District Court for the District of Columbia.
“Defendant has moved to dismiss this action on the ground that the Court of Claims lacks jurisdiction over the claim.
“The parties agree as to the jurisdictional failings of this case in the Court of Claims, under United States v. Testan, 424 U.S. 392 (1976). In that case, the U.S. Supreme Court dismissed an action by Federal Government trial attorneys for an upward classification on jurisdictional grounds, holding that ‘Congress has not made available to a party wrongfully classified the remedy of money damages through retroactive classification.’ (424 U.S. at 403). The only question facing this court is, therefore, whether this action should be dismissed for lack of jurisdiction as defendant claims, or whether it should be transferred to the U.S. District Court ■under 28 U.S.C. § 1506. (It is settled law that under this section a case which is outside the jurisdiction of the Court of Claims will be transferred to a district court only if there is some showing that such a transfer would be ‘in the interest of justice’ and that there is some legal basis for the district court to entertain the suit.) The test of 28 U.S.C. § 1506 is thus twofold. Is it in the interest of justice to transfer the suit, and does the district court have jurisdiction? On the facts of the present case, the answer to both these questions is in the affirmative. Plaintiff has sought administrative and judicial relief since 1973. It would be in the interest of justice to have a final resolution of the issues involved by transferring the action to a proper forum for a full adjudication of the matter.
“The U.S. District Court for the District of Columbia has both subject matter jurisdiction and authority to grant mandamus under 28 U.S.C. § 1361, declaratory judgment under 28 U.S.C. § 2201, and other appropriate relief to carry out or enforce its declaration of plaintiff’s rights. A federal question is involved here. Further, the Supreme Court in Testan noted that plaintiffs in that action could seek relief by way of mandamus in a federal district court. The scope of authority granted to district courts under 28 U.S.C. § 1361 includes both those situations where the official failed to comply with a specific statutory or regulatory directive *354 and those instances where the official has abused his discretion.
“It is plain that 28 U.S.C. § 1506 was enacted to establish a procedure for orderly transfer of suitable cases from the Court of Claims to U.S. District Courts. This court need not concern itself further with detailed facts in this case. Examination of the procedure which denied this plaintiff a promotion and his entitlement to a salary adjustment, if any, are now matters for district court consideration.
“Accordingly, without oral argument, it is ordered that defendant’s motion to dismiss is denied, and plaintiff’s motion to suspend proceedings and to transfer the case to the United States District Court for the District of Columbia is granted, and the case is accordingly transferred to that court.”